# Supreme Court of Florida

---

No. SC2025-1180

---

**IN RE: AMENDMENTS TO RULES REGULATING THE FLORIDA BAR – CHAPTER 3.**

December 18, 2025
**<u>CORRECTED OPINION</u>**

PER CURIAM.

The Florida Bar petitions the Court to amend Chapter 3 of the Rules Regulating The Florida Bar.[1]  Specifically, the Bar proposes amending rules 3-3.2 (Board of Governors of The Florida Bar), 3-5.1 (Generally), 3-7.2 (Procedures on Criminal or Professional Misconduct; Discipline on Determination or Judgment of Guilt of Criminal Misconduct; Discipline on Removal From Judicial Office), and 3-7.4 (Grievance Committee Procedures).

The proposed amendments were approved by the Board of Governors of The Florida Bar, and consistent with rule 1-12.1(g),

---

1.  We have jurisdiction.  *See* art. V, § 15, Fla. Const.; *see also* R. Regulating Fla. Bar 1-12.1.

the Bar published formal notice of its intent to file the petition in *The Florida Bar News*. The notice directed interested parties to file comments directly with the Court. No comments were received.

Having fully considered the proposals, we adopt the amendments to Chapter 3 proposed by the Bar with modifications. The more significant rule changes are discussed below.

First, we add the word "interim" to rule 3-3.2(b)(2) (Emergency Suspension or Probation). This change aligns the rule with the terminology used in rule 3-5.2 (Emergency Suspension and Interim Probation).

Next, we reorganize rule 3-5.1. Each subdivision within the rule is either relettered or renumbered and many of the subdivisions are retitled. We also amend renumbered subdivisions (a)(5) (Disbarment) and (a)(6) (Disciplinary Revocation) to make plain that a lawyer who is subject to an order of either permanent disbarment or disciplinary revocation without leave to apply for readmission is barred from applying for readmission to the Bar.

We amend rule 3-7.2(*l*) (Waiver of Time Limits) to allow a lawyer to waive any of the time limits in rule 3-7.2 orally on the record at a hearing before a referee. And we amend rule 3-7.4(g)(3)

(Vote) to require that all grievance committee action, not just findings of probable cause and recommendations of guilt, be by a majority vote. This change will allow grievance committees to take binding action even if there are abstentions.

Accordingly, Chapter 3 of the Rules Regulating The Florida Bar is amended as set forth in the appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring. The amendments become effective February 16, 2026, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules Regulating The Florida Bar

Rosalyn Sia Baker-Barnes, President, Michael Fox Orr, President-elect, Joshua E. Doyle, Executive Director, Elizabeth Clark Tarbert, Division Director, Lawyer Regulation, and Kelly N. Smith, Senior Attorney, The Florida Bar, Tallahassee, Florida,

for Petitioner

**RULE 3-3.2.    BOARD OF GOVERNORS OF THE FLORIDA BAR**

**(a)**    [No Change]

**(b)    Authority to File a Formal Complaint.** No formal complaint may be filed by The Florida Bar in disciplinary proceedings against a member of the bar unless 1 of the following conditions has been met:

(1)    [No Change]

(2)    *Emergency Suspension or Interim Probation.* A formal complaint may be filed if the member is the subject of an order of emergency suspension or ~~emergency~~interim probation that is based on the same misconduct that is the subject matter of the formal complaint;

(3) – (6)    [No Change]

**(c)**    [No Change]


**RULE 3-5.1.    GENERALLY**

**(a)    Disciplinary Measures in Judgments.** A judgment finding a member of The Florida Bar guilty of misconduct will include 1 or more of the following disciplinary measures.

~~**(a)    Admonishments**~~(1)  *Admonishment.* ~~A Supreme Court of Florida order finding minor misconduct and ordering an admonishment may direct the respondent to appear before the Supreme Court of Florida, the board of governors, a grievance committee, or the referee for administration of the admonishment. A grievance committee report and finding of minor misconduct or the board of governors, on review of the report, may direct the respondent to appear before the board of governors or the grievance committee for administration of the admonishment. A~~

memorandum of administration of an admonishment will be made a part of the record of the proceeding after the admonishment is administered.

**(b)  Minor Misconduct.** Minor misconduct is the only type of misconduct for which an admonishment is an appropriate disciplinary sanction.

(1)  *Criteria.*(A)  Criteria. In the absence of unusual circumstances, misconduct will not be regarded as minor if any of the following conditions exist:

(Ai)  the misconduct involves misappropriation of a client's funds or property;

(Bii)  the misconduct resulted in or is likely to result in actual prejudice (loss of money, legal rights, or valuable property rights) to a client or other person;

(Ciii) the misconduct resulted in or is likely to result in actual or potential injury to the public or the legal system;

(Div) the respondent has been publicly disciplined in the past 3 years;

(Ev)  the misconduct involved is of the same nature as misconduct for which the respondent has been disciplined in the past 5 years;

(Fvi) the misconduct includes dishonesty, misrepresentation, deceit, or fraud on the part ofby the respondent; or

(Gvii) the misconduct constitutes the commission of a felony under applicable law.

(2)  *Discretion of Grievance Committee.*(B)  Discretion of Grievance Committee. A grievance committee may recommend an admonishment for minor misconduct or diversion to a practice and professionalism enhancement program

- 5 -

when unusual circumstances are present, despite the presence of 1 or more of the criteria described in ~~subdivision (1) of~~ this rule. Any grievance committee report recommending an admonishment for minor misconduct or diversion to a practice and professionalism enhancement program despite the presence of the criteria in ~~subdivision (1)~~this rule must contain a detailed explanation of the circumstances giving rise to the committee's recommendation.

~~(3)    *Recommendation of Minor Misconduct.*~~(C) Recommendation of Minor Misconduct. If a grievance committee finds the respondent guilty of minor misconduct or if the respondent admits guilt of minor misconduct and the committee concurs, the grievance committee will file its report recommending an admonishment, the manner of administration, the taxing of costs, and an assessment or administrative fee in the amount of $1,250 against the respondent. The report recommending an admonishment will be forwarded to staff counsel and the designated reviewer for review. If staff counsel does not return the report to the grievance committee to remedy a defect in the report, or if the report is not referred to the disciplinary review committee by the designated reviewer as provided elsewhere in these rules, the report will then be served on the respondent by bar counsel. The report and finding of minor misconduct becomes final unless rejected by the respondent within 30 days after service of the report. If rejected by the respondent, bar counsel will prepare a formal complaint ~~as in a finding of probable cause~~. If the respondent does not reject the report of minor misconduct ~~is not rejected by the respondent~~, bar counsel will give written notice of the finding of minor misconduct ~~will be given, in writing,~~ to the complainant.

~~(4)    *Rejection of Minor Misconduct Reports.*~~(D) Rejection of Minor Misconduct Reports. The board of governors' rejection of a grievance committee report of minor misconduct, without dismissal of the case~~,~~ or remand to the grievance committee, is deemed a finding of probable cause. The respondent's rejection is deemed a finding of probable cause. At trial before a referee following a respondent's rejection of a report of minor misconduct, the referee may recommend any discipline authorized under these rules.

(5)   *Admission of Minor Misconduct.*(E)   Admission of Minor Misconduct. A respondent may tender a written admission of minor misconduct to bar counsel or to the grievance committee within 30 days after service of a notice of a finding of probable cause by a grievance committee or the board of governors. An admission of minor misconduct may be conditioned on acceptance by the grievance committee or the board of governors, but the respondent may not condition the admission of minor misconduct on the method of administration of the admonishment or on nonpayment of costs incurred in the proceedings. An admission may be tendered after a finding of probable cause (but before the filing of a complaint) only if an admission has not been previously tendered. If the admission is tendered after a finding of probable cause, the grievance committee or board of governors may consider the admission without further evidentiary hearing and may either reject the admission, affirming its prior action, or accept the admission, in which case, the report of minor misconduct will be issued by the grievance committee. If a respondent's admission is accepted by the grievance committee or board of governors, the respondent may not later reject a report of the committee recommending an admonishment for minor misconduct. If the admission of minor misconduct is rejected, the admission may not be considered or used against the respondent in subsequent proceedings.

(F)   Administration of Admonishment. A Supreme Court of Florida order finding minor misconduct and ordering an admonishment may direct the respondent to appear before the Supreme Court of Florida, the board of governors, a grievance committee, or the referee for administration of the admonishment. A grievance committee report and finding of minor misconduct or the board of governors, on review of the report, may direct the respondent to appear before the board of governors or the grievance committee for administration of the admonishment. A memorandum of administration of an admonishment will be made a part of the record of the proceeding after the admonishment is administered.

- 7 -

**(c)  Probation.**(2)  *Probation.* The respondent may be placed on probation for a stated period of time between 6 months and 5 years or for an indefinite period determined by conditions stated in the order. The judgment will state the conditions of the probation, which may include, but are not limited to, the following:

(1A)  completion of a practice and professionalism enhancement program as provided elsewhere in these rules;

(B)  quarterly or periodic reports of caseload status;

(2C)  supervision of all or part of the respondent's work by a member of The Florida Bar;

(3D)  required reporting to a designated agency;

(4E)  satisfactory completion of continuing legal education programs in addition to those required by rule 6-10.3a course of study or a paper on legal ethics approved by the Supreme Court of Florida;

(5F)  supervision over fees and trust accounts or periodic audits of trust accounts as the court directs; or

(G)  participation in substance use disorder programs;

(H)  periodic physical or mental examinations;

(I)  passing the bar examination or the appropriate professional responsibility examination; or

(6J)  restrictions on the ability to advertise legal services, either in type of advertisement or a general prohibition for a stated period of time, in cases in which rules regulating advertising have been violated or the legal representation in which the misconduct occurred was obtained by advertising.

The respondent will reimburse the bar for the costs of supervision. The respondent may be punished for contempt on petition by The Florida Bar, as provided elsewhere in these ~~Rules Regulating The Florida Bar~~rules, on failure of a respondent to comply with the conditions of the probation or a finding of probable cause as to conduct of the respondent committed during the period of probation. An order of the ~~court~~Supreme Court of Florida imposing sanctions for contempt under this rule may also terminate the probation previously imposed.

**(d)    Public Reprimand.**(3)    *Public Reprimand.* A public reprimand will be administered in the manner prescribed in the judgment but all reprimands will be reported in the Southern Reporter. The bar will provide due notice to the respondent of any proceeding set to administer the reprimand. The respondent must appear personally before the Supreme Court of Florida, the board of governors, any judge designated to administer the reprimand, or the referee, if required, and this appearance will be made a part of the record of the proceeding.

**(e)    Suspension.**(4)    *Suspension.* The respondent may be suspended from the practice of law for a period of time to be determined by the conditions imposed by the judgment or order or until further order of the court. During this suspension, the respondent continues to be a member of The Florida Bar but without the privilege of practicing. A suspension of 90 days or less does not require proof of rehabilitation or passage of the Florida bar examination, and the respondent will become eligible for all privileges of members of The Florida Bar ~~on the expiration of the~~when the ~~period of~~ suspension expires. A suspension of more than 90 days requires proof of rehabilitation and may require passage of all or part of the Florida bar examination, and the respondent will not become eligible for all privileges of members of The Florida Bar until the ~~court~~Supreme Court of Florida enters an order reinstating the respondent to membership in The Florida Bar. No suspension will be ordered for a specific period of time more than 3 years.

An order or opinion imposing a suspension of 90 days or less will include a provision that prohibits the respondent from accepting new business from the date of the order or opinion until the end of the term of the suspension and will provide that the suspension is effective 30 days from the date of the order or opinion so that the respondent may close out the practice of law and protect the interests of existing clients, unless the court orders otherwise.

An order or opinion imposing a suspension of more than 90 days will include a provision that prohibits the respondent from accepting new business from the date of the order or opinion until the date of the court's order of reinstatement and will provide that the suspension is effective 30 days from the date of the order or opinion so that the respondent may close out the practice of law and protect the interests of existing clients, unless the court orders otherwise.

**(f)   Disbarment.**(5)   *Disbarment.* A judgment of disbarment terminates the respondent's status as a member of the bar. Permanent disbarment precludes readmission. A former member who has not been permanently disbarred may only be admitted again on full compliance with the rules and regulations governing admission to the bar. Except as otherwise provided in these rules, no application for readmission may be tendered within 5 years after the date of disbarment or a longer period ordered by the court in the disbarment order or at any time after that date until all court-ordered restitution and outstanding disciplinary costs have been paid. No application for readmission may be filed after a Supreme Court of Florida order of permanent disbarment.

Disbarment is the presumed sanction for lawyers found guilty of theft from a lawyer's trust account or special trust funds received or disbursed by a lawyer as guardian, personal representative, receiver, or trustee. A respondent found guilty of theft will have the opportunity to offer competent, substantial evidence to rebut the presumption that disbarment is appropriate.

Unless waived or modified by the court on motion of the respondent, an order or opinion imposing disbarment will include a

- 10 -

provision that prohibits the respondent from accepting new business from the date of the order or opinion and will provide that the disbarment is effective 30 days from the date of the order or opinion so that the respondent may close out the practice of law and protect the interests of existing clients.

**(g) Disciplinary Revocation.**(6) *Disciplinary Revocation.* A disciplinary revocation is tantamount to a disbarment. A respondent may petition for disciplinary revocation in lieu of defending against allegations of disciplinary violations. If accepted by the Supreme Court of Florida, a disciplinary revocation terminates the respondent's status as a member of the bar. A former bar member whose disciplinary revocation has been accepted may only be admitted again on full compliance with the rules and regulations governing admission to the bar. Like disbarment, disciplinary revocation terminates the respondent's license and privilege to practice law and requires readmission to practice under the Rules of the Supreme Court Relating to Admissions to the Bar. No application for readmission may be tendered until the later of 5 years after the date of the order of the Supreme Court of Florida granting the petition for disciplinary revocation, or another period of time in excess of 5 years contained in that order. No application for readmission may be tendered after a Supreme Court of Florida order granting disciplinary revocation without leave to apply for readmission.

**(h̶b) Notice to Clients.** Unless the court orders otherwise, when the respondent is served with an order of disbarment, disbarment on consent, disciplinary revocation, suspension, emergency suspension, interim̶e̶m̶e̶r̶g̶e̶n̶c̶y probation, or placement on the inactive list for incapacity not related to misconduct, the respondent must immediately furnish a copy of the order to all:

(1) – (4)    [No Change]

Within 30 days after service of the order, the respondent must furnish bar counsel with a sworn affidavit listing the names and addresses of all persons and entities that have been furnished copies of the order.

- 11 -

**(ic)     Forfeiture of Fees.** An order of the Supreme Court of Florida or a report of minor misconduct adjudicating a respondent guilty of entering into, charging, or collecting a fee prohibited by the Rules Regulating The Florida Bar may order the respondent to forfeit all or any part of the fee. In the case of a clearly excessive fee, the excessive amount of the fee may be ordered returned to the client, and a fee otherwise prohibited by the Rules Regulating The Florida Bar may be ordered forfeited to The Florida Bar Clients' Security Fund and disbursed in accordance with its rules and regulations.

**(jd)     Restitution.** In addition to any ~~of the foregoing~~ disciplinary sanctions and any disciplinary sanctions authorized ~~elsewhere~~ in these rules, the respondent may be ordered or agree to pay restitution to a complainant or other person if the disciplinary order finds that the respondent has received a clearly excessive, illegal, or prohibited fee, or that the respondent has converted trust funds or property. The amount of restitution will be specifically set forth in the disciplinary order or agreement. Restitution for an excessive fee will not exceed the amount by which that fee is clearly excessive. Restitution for a prohibited or illegal fee will not exceed the amount of the fee. Restitution for a conversion will not exceed the amount of the conversion established in disciplinary proceedings. Restitution may include interest as allowed by law. The disciplinary order or agreement must state to whom restitution must be made and the date by which it must be completed. Failure to comply with the order or agreement will cause the respondent to become a delinquent member and will not preclude further proceedings under these rules. The respondent must provide the bar with telephone numbers and current addresses of all individuals or entities to whom the respondent is ordered to pay restitution.

**RULE 3-7.2.  PROCEDURES ON CRIMINAL OR PROFESSIONAL MISCONDUCT; DISCIPLINE ON DETERMINATION OR JUDGMENT OF GUILT OF CRIMINAL MISCONDUCT; DISCIPLINE ON REMOVAL FROM JUDICIAL OFFICE**

**(a) – (k)**   [No Change]

**(*l*)   Waiver of Time Limits.** The respondent may waive the time requirements in this rule ~~by written request made to and~~. The request must be in writing or clearly stated on the record at a hearing and is subject to the approval of ~~approved by~~ the referee or the Supreme Court of Florida.

**(m) – (n)**   [No Change]


**RULE 3-7.4.   GRIEVANCE COMMITTEE PROCEDURES**

**(a) – (f)**   [No Change]

**(g)  Quorum, Panels, and Vote.**

(1) – (2)    [No Change]

(3)   *Vote.* All ~~findings of probable cause and recommendations of guilt of minor misconduct~~grievance committee actions must be made by ~~affirmative~~a majority of those voting ~~vote of a majority of the committee members present~~, which majority must number at least 2 members. There is no required minimum number of lawyer members voting in order to satisfy the requirements of this rule. The number of committee members voting for or against the committee report must be recorded. Minority reports may be filed. A lawyer grievance committee member may not vote on the disposition of any matter in which that member served as the investigating member of the committee.

**(h) – (o)**   [No Change]